The opinion of the Court was delivered by
Johnstone, J.
This case has been pressed upon the Court as if the transfer of the scrip by Boldin was made in the character of agent, and by way of pledge; whereas, upon a careful examination of the facts, the scrip was represented and accepted as Boldin’s own property: and it was a sale, and not a pledge. If the scrip was put into Boldin’s hands by Madame Szetnere uhder any restrictions, it was her duty to have proved what they were; but the otdy fact that bears on her transfer to him is, that she made a general delivery, with an indefinite power, in blank, before Mr. Consul Goodrich.
This, according to the general course of fair business, exhibited Boldin as the owner: and so ho acted. Indeed, it it appears that from that time he received the' dividends, which was further proof of ownership.
The only formality omitted was that of filling up the blanks, and the taking out new scrip.
It is well known that Courts of law as well as Courts of equity, recognize the title of a person who purchases a security in the course of a fair business, although it be not negotiable. If, for instance, a note payable to A, be transferred by him to B, the latter is recognized as legal holder of the paper, and although he may be obliged to use the name of *391 A, in suing for the debt, A will not be allowed to release the action. That the security is liable, in the hands of B, to the equities between the maker and the original payee, may be conceded. That does not touch the point now under consideration, which exclusively concerns the property, the security itself, as between the original payee and one to whom he has transferred it without formal assignment. This morning the Chief delivers an opinion, in the case of Salas vs. Cay, that the assignment, comprehending not only tangible property but choses, enables the assignee to sue in his own name.
Whoever comes fairly by a security, as Cox did in this case, in the course of business, is entitled to hold it against him who passed it, or enabled another to pass it to him.
It has been argued that the inscription of Madame S.’s name in the scrip notified Cox of her right, so as to oblige him to enquire of her. But the plain authority was to transfer, which (no gratuity being reasonably intended) was a power to sell: and a sale was made. In a large proportion of cases, especially when such scrip is carried abroad, and considerable time has elapsed from the original issue, it has passed through many hands; so that the greater has been the efflux of time, the less reason has a buyer to suppose that the ownership remains in the original party, and the more insufficient is the guide for enquiry.
Boldin had been put in possession of this scrip, with an indefinite power of disposition, by Madame Szemere, and if he was not the owner (of which ownership there is much evidence) she exhibited him in a light which enabled him to lay claim to the stock. Under such circumstances, equity would not permit her to avail herself of the dry skeleton of title, which yet stands formally in her name, to defeat him whom she has contributed to deceive. The transfer should have been formally made; and this Court will not take notice of that as undone which ought to have been done. It *392 will, in all formal matters, execute agreements in good faith, and as they, in fairness, should be carried out.
It is ordered, that the appeal be dismissed, and the decree affirmed.
Wardlaw, J., concurred.